UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Audio Visual Equipment and Supplies,
Inc., *et al.*,

    Plaintiffs,

v.                                                        Case No. 06-10904

County of Wayne, *et al.*,                     Honorable Sean F. Cox

    Defendants.
_____/

## **OPINION & ORDER**

Plaintiffs are former suppliers to Wayne County who brought suit against the County and several of its employees and agents. Plaintiffs filed their 20-count complaint in this action on February 28, 2006. Following discovery, Defendants filed four separate dispositive motions. The Court heard oral argument on the motions on November 15, 2007. For the reasons below, the Court shall GRANT the motions and shall dismiss all claims in this action with prejudice.

### **BACKGROUND**

On February 28, 2006, Plaintiffs filed a 20-count complaint against Defendants alleging: "Violation of 42 U.S.C. §1983" (Count I); "Violation of 42 U.S.C. §1981" (Count II); "Violation of 42 U.S.C. §1983 (Due Process and Equal Protection Clauses)" (Count III); "Violation of 42 USC §1985(3) Conspiracy" (Count IV); "Denial of Equal Protection" (Count V); "Invasion of Privacy" (Count VI); Conspiracy for Tortious Interference with a Business Relationship of Expectation of a Business Relationship" (Count VII); "Tortious Interference with a Business Relationship or Expectations of a Business Relationship" (Count VIII); "Intentional Infliction of

Emotional Distress" (Count IX); "Conspiracy to Inflict Emotional Distress" (Count X); "Violation of Fair and Just Treatment Clause of the State of Michigan Constitution, Art 1 § 17" (Count XI); "Common Law Conspiracy" (Count XII); "Intentional Infliction of Emotional Distress" (Count XIII); "Promissory Estoppel" (Count XIIII); "Breach of Contracts" (Count XV); "Violation of Due Process Under the Michigan Constitution and the United States Constitution" (Count XVI); "Wayne County's Ordinance Section 121-14 Violates Due Process As Being Vague and Overbroad" (Count XVII); "Conspiracy to Interfere with Livelihood" (Count XVIII); "Tortious Interference with Contracts" (Count XIX); and "Intentional Interference with Prospective Economic Advantage" (Count XX).

Plaintiff Audio Visual Equipment and Supplies, Inc. ("AVE") is a small family owned business that has been in existence since 1991. (Pls.' Compl. at ¶ 5). AVE is owned by Plaintiffs Carol Kirkland and Vivian Kirkland. (*Id*. at ¶¶ 7, 12 & 14). Plaintiff Otis Kirkland, Jr. is an African-American male who is married to Carol Kirkland and has been employed by AVE at all relevant times. (*Id*. at ¶ 13).

AVE is in the business of supplying various office supplies and other commodities to its customers. (Pls.' Compl. at ¶¶ 5 & 6). For approximately eight years, AVE has competed for various contracts with Defendant the County of Wayne ("Wayne County" or "the County") and has won several contracts through Wayne County's competitive bid process. (*Id*. at ¶¶ 9-11). The remaining Defendants, sued in their individual and official capacities, are current and former Wayne County employees and elected officials ("the Individual Defendants").

Defendants have four separate, dispositive motions that are currently pending before the Court:

2

- "Motion for Partial Summary Judgment on Count XIIII (Sic) Plaintiffs' Promissory Estoppel Claim" [Docket Entry No. 24];

- "Motion for Summary Judgment on All Claims Against All Individual Defendants Based on FRCP 12(b)(5) (Insufficient Service of Process), 12(b)(6)(Failure to State a Claim), and 12(c) Motion for Judgment on the Pleadings" [Docket Entry No. 25];

- "Motion for Partial Summary Judgment on All Tort Claims Against Wayne County (Counts VI, VII, VIII, IX, X, XII, XIII, XVIII, XIX, XX) & Plaintiffs' Michigan Constitutional Claims Against All Defendants (Counts XI, XVI) Based on FED.R.CIV.P 12(b)(6), and Plaintiffs; Contract Claim Against Wayne County (Count XV) Based on FED.R.CIV.P. 56(c)." [Docket Entry No. 26]; and

- "Motion for Partial Summary Judgment on Counts I And III (42 U.S.C. §1983 Due Process & Equal Protection Claims), Count II (42 U.S.C. §1981 Discrimination in Contracting Claims), Count V (Denial of Equal Protection), Count VI (Invasion of Privacy), Count XVI (Federal & State Due Process Claims) & Count XVII (U.S. Due Process Claim) Based on FED.R.CIV. P. 56(c)" [Docket Entry No. 29].

On July 18, 2007, this Court sent written notice to the parties advising that Defendants had filed the above motions and scheduling all four motions to be heard by the Court on November 1, 2007 [Docket Entry No. 32]. As of August 14, 2007, however, Plaintiffs had filed no briefs in opposition to any of the motions although the time permitted under Local Rule 7.1 for doing so had passed. Accordingly, the Court issued an Order to Show Cause requiring Plaintiffs to show cause no later than August 20, 2007, why the unopposed motions [Docket Entry Nos. 24, 25, 26 & 29] should not be granted. [Docket Entry No. 34].

Plaintiffs' counsel responded to the Show Cause Order on August 20, 2007, at which time Plaintiff also filed three response briefs in opposition to the pending motions. Thereafter, the Court rescheduled the pending motions to be heard on November 15, 2007.

# ANALYSIS

I.  **Defendants' Motion For Summary Judgment On Promissory Estoppel Claim:**

Defendants filed a separate motion seeking summary judgment as to Plaintiffs' promissory estoppel claim [Docket Entry No. 24].

Both parties acknowledge that, under Michigan law, the elements of a promissory estoppel claim are: 1) a promise; 2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of promisee; 3) which, in fact, produced reliance or forbearance of that nature; and 4) in circumstances such that the promise must be enforced if injustice is to be avoided. *(See* Defs.' Br. at 2-3; Pls.' Resp. at 3).

Defendants note that, with respect to this claim, Plaintiffs' complaint alleges that "Wayne County made an implied promise to AVE that was clear and definite with respect to the purchase of certain traffic control barriers," that the promise was contained in written purchase order number 20504793000, and that in reliance on the promise in the purchase order, Plaintiffs purchased and acquired the goods that were the subject of the purchase order. (Compl. at ¶¶ 172-175). Relying on *General Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038 (6th Cir. 1990), Defendants contend that Plaintiffs' promissory estoppel claim is barred because the performance that satisfies the detrimental reliance element of that claim is the same performance that is the consideration for the parties' written contract for the same subject matter.

The Court agrees.

In *General Aviation, Inc.*, the Sixth Circuit stated that "where . . . the performance which is said to satisfy the detrimental reliance requirement of the promissory estoppel theory is the same performance which represents consideration for the written contract, the doctrine of

promissory estoppel is not applicable." *General Aviation, Inc*., 915 F.2d at 1042. It further stated that promissory estoppel is not a doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the event it fails to prove breach of contract. *Id.*

In *Green Leaf Nursery, Inc. v. Kmart Corp*., 2006 WL 482555 (E.D. Mich. 2006), the court found that the rule set forth in *General Aviation, Inc*. controlled:

> The Court finds that [the rule set forth in *General Aviation, Inc*.] controls the instant case. All of the damages sought by Plaintiff arise out of the actions of the parties made pursuant to the November 30, 1998 Purchase Order Terms and Conditions Agreement. The performance which makes up Plaintiff's detrimental reliance is the same performance that forms Plaintiff's consideration for the written contract. Consequently, the doctrine of promissory estoppel is not applicable in the current case. Plaintiff, therefore, cannot bring its promissory estoppel claim, and Count III is subsequently dismissed from this case as a matter of law.

*Green Leaf Nursery*, *supra,* at *2.

Here, like the situation seen in *Green Leaf Nursery*, the performance that makes up Plaintiffs' alleged detrimental reliance (*i.e.*, acquiring and supplying the barricades specified in the purchase order) is the same performance that is the consideration for the purchase order. Accordingly, Plaintiffs' promissory estoppel claim fails under the rule set forth in *General Aviation, Inc*. The Court shall therefore GRANT Docket Entry No. 24, resulting in the dismissal of Plaintiffs' promissory estoppel claim.

**II.** **Motion for Summary Judgment On Claims Against Individual Defendants**:

    **A.** **Plaintiffs Failed To Properly Serve The Individual Defendants In This Action.**

Defendants first assert that all claims against the individual Defendants should be dismissed pursuant to FED. R. CIV. P.(12)(b)(5) because Plaintiffs failed to serve them with process of service within 120 days of filing the complaint.

5

Defendants note that after Plaintiffs' complaint was filed, on April 11, 2006, counsel for Wayne County filed an Answer on behalf of Wayne County only. They also note that in a letter dated April 12, 2006, counsel for Wayne County advised Plaintiffs' counsel that: 1) he had filed an answer on behalf of Wayne County; and 2) the Individual Defendants had not been properly served. (*See* Ex. D to Defs.' Br.). Counsel also made a conditional offer to accept service on behalf of the Individual Defendants in exchange for an agreement to amend the complaint to assert the claims against the Individual Defendants in their official capacities only. Defendants assert that "Plaintiffs never responded to Wayne County's offer, never amended their Complaint, and never corrected the defective service by serving the individual defendants with a copy of the Summons and Complaint." (Def.'s Br. at 5). Defendants contend that Plaintiffs cannot establish good cause for their failure to serve the Individual Defendants.

In response, Plaintiffs' counsel states that he hired a process server, Alan Johnson ("Johnson"), to effectuate service of process on all Defendants. Plaintiffs assert that "Defendants' clerk responsible for accepting summonses and complaints on behalf of the County and its employees, believed to be Ms. Jennifer McCracken, advised the process server that he would not be allowed to serve the individuals himself, but to leave said Summonses and Complaints for distribution to the named Defendants by the clerk." (Pls.' Br. at 4). Counsel also contends that "[a]ddressing such a serious issue merely in correspondence" was "insufficient and therefore, such is deemed to have been waived." (*Id.*). Without submitting a supporting affidavit, Plaintiffs' counsel also asserts that he left a telephone message for Defense counsel in response to the April 12, 2006 letter, indicating that he thought the Individual Defendants had been served. (*See* Pls.' Response at 2).

6

Rule 4(m) of the Federal Rules of Civil Procedure requires completion of service of process within 120 days after filing of the complaint. FED. R. CIV. P. 4(m). "Dismissal of the action 'shall' follow unless the 'plaintiff shows good cause' for failure to meet the 120-day deadline." *Id.; Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006).

After service of the complaint on Wayne County, Wayne County filed an Answer to the complaint on April 11, 2006. No answer was filed on behalf of the Individual Defendants. Rather, in a letter dated April 12, 2006, Plaintiffs' counsel was formally advised that the Individual Defendants had not been properly served.

In response to that notice regarding improper service, Plaintiffs' counsel did not file any proofs of service relating to the Individual Defendants with the Court. Rather, Plaintiffs' counsel claims to have simply left a telephone message expressing his belief that the Individual Defendants had been served.

Counsel's "belief" is not a substitute for proper service. *Caldwell v. City of Detroit*, 2007 WL 3104772 (E.D. Mich. 2007). "Service of process or a waiver of service of process is required before the Court may exercise personal jurisdiction over a defendant. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)." *Id.* at *4. Plaintiffs were required to serve the Individual Defendants "in accordance with Michigan law, or by: 1) delivering a copy of the summons and complaint to them personally; 2) leaving copies at their homes or 'usual place of abode;' or 3) delivering a copy to an agent authorized by appointment or law to receive service of process. Michigan law allows a plaintiff to serve individuals personally or via registered or certified mail. M.C.R. § 2.105(A)." *Id.*

The Individual Defendants deny that they authorized anyone to accept service on their behalf and Plaintiffs have not established otherwise. Accordingly, the Court concludes that Plaintiffs failed to properly serve the Individual Defendants. The Court must therefore determine if Plaintiffs have shown "good cause" for their failure.

"Establishing good cause is the responsibility of the party opposing the motion to dismiss- here, the plaintiffs - and 'necessitates a demonstration of why service was not made within the time constraints.'" *Nafziger,* 467 F.3d at 521. The Court concludes that Plaintiffs have failed to establish such good cause in this case.

In response to being formally notified that proper service had not been effected on the Individual Defendants, Plaintiffs – who are represented by counsel -- failed to properly serve the Individual Defendants during the entire 9 months that this action has been pending in this Court. *See Nafziger*, 467 F.3d at 521-22 (finding district court did not abuse its discretion in finding no good cause where: 1) plaintiffs were represented by counsel, rather than proceeding *pro se*; 2) counsel had discussions regarding service that did not resolve the issues, and 3) counsel had personal issues involving his young children). Moreover, after Defendants filed their Motion asserting insufficiency of process, Plaintiffs failed to even file a brief in opposition to that motion until after the time permitted for doing so had passed, and only after this Court issued a Show Cause Order. The Court therefore rules that the claims against the Individual Defendants are subject to dismissal for failure to properly serve the Individual Defendants.

Moreover, as explained below, the claims against the Individual Defendants also fail for additional reasons.

**B.     Plaintiffs' Civil Conspiracy Claims Are Barred By The Intra-Corporate Trust Doctrine.**

Defendants contend that Plaintiffs' conspiracy claims (Counts IV, VII, XII and XVIII) must be dismissed because, under the intra-corporate trust doctrine, Plaintiffs fail to state a conspiracy claim against the Individual Defendants. They note that Otis Kirkland testified that all of the alleged conspirators were either current or former Wayne County employees. (Otis Kirkland Dep. at 50-51, 183-84 & 198). They note that one of the essential elements of a conspiracy is a combination of two or more persons and that the intra-corporate trust doctrine holds that a cause of action does not exist for civil conspiracy between a corporation and its agents acting within the scope of their employment. They claim that in this case there is no evidence that the Individual Defendants were acting as anything other than agents within the scope of their employment with Wayne County relative to the conduct complained of.

In response, Plaintiffs assert that Defendants' intra-corporate trust doctrine argument is "misplaced as to the instant case. The intra-corporation doctrine is applicable only to 42 USC § 1985 actions. However, Plaintiffs' claim is with respect to 42 USC § 1983 actions." (Pls.' Response at 6). In their response, Plaintiffs do not submit any evidence to establish that the Individual Defendants acted as anything other than agents within the scope of their employment with Wayne County.

The Court agrees that the conspiracy claims are barred by the intra-corporate trust doctrine.

It is basic in the law that you must have two or more persons or entities to have a conspiracy. *Hull v. Cuyahoga Valley Joint Vocational School Dist. Bd. of Educ.*, 926 F.2d 505,

509 (6th Cir. 1991). The Sixth Circuit "has adopted the general rule in civil conspiracy cases that a corporation cannot conspire with its own agents or employees." *Id.* In *Hull*, the plaintiffs alleged "a conspiracy between a school district superintendent, the executive director of the district, and a school administrator, all of whom are employees or agents of the Board." In affirming the district court's grant of summary judgment as to the conspiracy claim, the court explained that "[s]ince all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." *Id.*

Plaintiffs do not dispute that the intra-corporate doctrine bars their conspiracy claims brought under § 1985. They assert only that the doctrine does not apply to their conspiracy claims brought under § 1983. Plaintiffs have not provided any Sixth Circuit authority, however, to establish that proposition. The Court is not aware of any Sixth Circuit authority for such a position and other district courts within the Sixth Circuit, including this district, have applied the doctrine to conspiracy claims brought under § 1983. *See e.g., Turner v. Viviano*, 2005 WL 1678895 at * 13 (E.D. Mich. 2005); *Adock v. City of Memphis,* 2007 WL 784344 at * 4-5 (W.D. Tenn. 2007).

Accordingly, the Court shall grant summary judgment in favor of the Individual Defendants with respect to all conspiracy claims. Wayne County is also entitled to summary judgment with respect to the conspiracy claims on that same basis.

### C. **Plaintiffs Cannot Establish Any Liability Against The Individual Defendants With Respect To The Breach Of Contract And Promissory Estoppel Claims Because They Were Not A Party To The Alleged Contracts And Did Not Make The Alleged Promises.**

Defendants note that Plaintiffs' breach of contract count alleges that AVE and Wayne

County were parties to certain contracts and that the County breached those contracts resulting in harm to AVE. (Pls.' Compl. at ¶¶ 181-186). Nevertheless, Plaintiffs' complaint seeks to recover damages on the breach of contract claim from Wayne County and the Individual Defendants. Because Plaintiffs do not allege (and cannot establish) that any of the Individual Defendants were parties to any contracts with AVE, they seek summary judgment on the breach of contract claim. Similarly, with respect to the promissory estoppel claim, they note that the complaint alleges only that "Wayne County" made promises to AVE upon which it relied to its detriment. (Compl. at ¶¶ 169-174). The Individual Defendants therefore seek summary judgment on the promissory estoppel claim because Plaintiffs have not alleged (and cannot establish) that any of the Individual Defendants made a promise to Plaintiffs upon which they relied.

In response, Plaintiffs do not identify any contract with any Plaintiff that an Individual Defendant was a party to, nor do Plaintiffs identify any promise made by any Individual Defendant that could form the basis for a promissory estoppel claim.

Accordingly, the Court shall grant summary judgment in favor of the Individual Defendants with respect to Plaintiffs' breach of contract and promissory estoppel claims.

### D. Plaintiffs Acknowledge That Their Tortious Interference Claims Should Be Dismissed With Prejudice.

In their motion, Defendants contend that they are entitled to summary judgment with respect to Plaintiffs' tortious interference claims because Plaintiffs cannot establish that Defendants were a third party to the alleged contract or business relationship.

In their Response Brief, Plaintiffs acknowledge that their tortious interference claims, Counts VIII, XIX, and XX, should be dismissed with prejudice. (Pls.' Resp. at 9).

Accordingly, the Court shall dismiss those claims with prejudice.

### E. Plaintiffs' Invasion Of Privacy Claim Is Barred By The Applicable Statute Of Limitations.

Defendants also contend that Plaintiffs' conspiracy, invasion of privacy, and tortious interference claims are barred by the applicable statutes of limitations. Because Plaintiffs acknowledge the tortious interference claims should be dismissed, and because the conspiracy claims are subject to dismissal under the intra-corporate trust doctrine, the Court need only consider the statute of limitations defense as it relates to the invasion of privacy claim.

Defendants note that Plaintiffs testified that this count is based upon the surveillance of AVE's warehouse in Detroit, Michigan and its offices in Southfield, Michigan, along with surveillance of Otis Kirkland's home, and three 2001 Detroit News articles. (Otis Kirkland Dep. at 70-74; Vivian Kirkland Dep. at 85-89; Exs. G-1, 2 & 3, attached to Defs.' Br.). Defendants contend the applicable statute of limitations for this claim is 3 years. They note that the articles were published in May and August of 2001, and that John Snider, a former Wayne County investigator, testified that the surveillance took place in the spring of 2001. Thus, Defendants contend that this claim had to be filed by August 2004.

In responding to Defendants' motion, Plaintiffs do not dispute that a three-year period of limitations applies to this claim. Plaintiffs claim that their invasion of privacy claim encompasses a number of acts in addition to the surveillance. Plaintiffs do not specify those acts, however, nor do they submit any admissible evidence to establish that such acts occurred within the period of limitations.

Accordingly, the Court concludes that the invasion of privacy claim is time-barred.

**III.     Defendants' Two Remaining Motions [Docket Entry No. 26 & 29].**

In Defendants' two remaining motions, Docket Entry Nos. 26 & 29, they raise numerous grounds for relief.  Plaintiffs filed a combined response brief [Docket Entry No. 41], with no supporting exhibits, in response to both of those motions.

**A.     Plaintiffs' Tort Claims Against Wayne County Must Be Dismissed Because Plaintiffs Failed To Plead In Avoidance Of Michigan's Governmental Immunity Act.**

This ground is raised in Docket Entry No. 26.  Defendants contend that Wayne County is entitled to judgment as a matter of law as to Counts IV (conspiracy), VI (invasion of privacy), VII (conspiracy for tortious interference), VIII (tortious interference), IX (intentional infliction of emotional distress), X (conspiracy to inflict emotional distress), XII (conspiracy), XIII (intentional infliction of emotional distress), XVIII (conspiracy to interfere with livelihood), XIX (tortious interference with contracts) and XX (intentional interference with prospective economic advantage) pursuant to FED. R. CIV. P. 12(b)(6) because there is no intentional tort exception to governmental immunity.  M.C.L. § 691.1407.

It is well established that under § 691.1407 governmental agencies like Wayne County are immune from tort liability where they are engaged in the exercise or discharge of a governmental function.  *Payton v. City of Detroit*, 211 Mich.App. 375, 391-92 (1995).  A governmental function is construed broadly as an activity expressly or impliedly mandated or authorized by the constitution, statute, or other provisions of law and is based upon the general nature of the activity rather than the specific conduct of employees.  *Id*.  "Also, there is no exception in the governmental immunity statute for intentional torts."  *Id*. at 392.

In response to this ground, Plaintiffs argue that the governmental immunity act does not insulate Wayne County for alleged violations of the state and federal constitutions. As Wayne Count notes in its reply brief, that argument has no bearing on the above tort claims. The County is not seeking to dismiss Plaintiffs' claims based on the state or federal constitution on the basis of governmental immunity. Rather, it is simply seeking dismissal of the tort claims on this ground. The Court agrees that the County is entitled to dismissal of all torts claims based on governmental immunity.

### B. Plaintiffs' Claims Based On The Michigan Constitution Are Not Actionable Under *Jones*.

Defendants contend that Plaintiffs have failed to state a claim as to Counts XI and XVI. Noting that Plaintiffs have sued the County under various state and federal statutes, relying on *Jones*, they assert that where plaintiffs have an adequate remedy for relief under federal or state law, Michigan constitutional torts are not actionable. *Jones v. Powell*, 227 Mich.App. 662, 672 (1998). This ground is raised in Docket Entry No. 26.

Plaintiffs did not file any response to this ground for relief and therefore do not contest this ground for dismissal of Counts XI and XVI. Accordingly, these counts shall be dismissed.

### C. Plaintiffs' Breach Of Contract Claims Fails Because Plaintiff Cannot Establish That The Contracts Were Breached.

Defendants assert that in order to prevail on a breach of contract claim, Plaintiffs must establish, among other things, that the County breached the contract with Plaintiffs. This ground for relief is raised in Docket Entry No. 26. Here, the only contracts that Plaintiffs allege exist are various purchase orders issued to Plaintiffs by the County. Defendants note that Plaintiffs assert that the County breached the purchase orders by: 1) ordering less than the original quantity

stated on the purchase order and 2) failing to renew purchase orders. They claim that Plaintiffs cannot establish such a breach because the terms of the written purchase orders contain express terms and conditions that allow the County to modify the quantities ordered and terminate the purchase orders for convenience.

Plaintiffs do not contest that the contracts at issue (*i.e.*, the purchase orders) had termination for convenience provisions that allowed Wayne County to terminate the purchase order or modify the quantities of goods. Rather, Plaintiffs assert that such provisions are not without restraint and that such provisions cannot be exercised in bad faith. Plaintiffs then take the position that because they *claim* the County acted in bad faith, they have an actionable claim. What Plaintiffs fail to recognize is that the County is seeking *summary judgment* on the breach of contract claim, it is not seeking dismissal of that claim for failure to state a claim. In response to the County's properly supported summary judgment motion, Plaintiffs must submit admissible evidence. Plaintiffs, however, have submitted no evidence in response to Defendants' motion, much less evidence in support of their position that the County acted in bad faith. Accordingly, the Court shall grant summary judgment on the breach of contract claim.

> **D.** **Plaintiffs' § 1983 Claim Against Wayne County Must Be Dismissed Because Plaintiffs Cannot Establish That An Unconstitutional Policy Caused Them Harm.**

Next, Defendants contend that Wayne County is entitled to summary judgment on Plaintiffs' §1983 claims against the County. They note that under *Monell,* a municipality can be liable under §1983 when the enforcement of a municipal policy or custom was the moving force of the violation of federally protected rights. Citing *Garretson v. City of Madison Heights*, 407 F.3d 789 (6th Cir. 2005) and *Doe v. Claiborne County*, 103 F.3d 495 (6th Cir. 1996), Defendants

assert that the §1983 claim fails because Plaintiffs cannot produce any evidence of an unconstitutional policy or custom in this case.

In responding to this ground for relief, Plaintiffs make *unsupported allegations* that former Wayne County Executive Edward McNamara made a directive to his Controller, Defendant Dunleavy, to investigate Plaintiffs after Plaintiffs declined to purchase tickets to one of his fundraisers. Plaintiffs do not, however, submit any *evidence* in opposition to Defendants' motion. Thus, in response to the County's properly supported Motion for Summary Judgment, Plaintiffs have failed to come forward with any admissible evidence to support their §1983 claim against the County.

In addition, in Docket Entry No. 29, Defendants assert that Wayne County is entitled to summary judgment on Plaintiffs' §1983 claim alleging a racially motivated conspiracy (Count I) based on the intra-corporate trust doctrine. For the reasons discussed in Section II. B above, the Court concludes that the County is entitled to summary judgment on that basis as well.

Accordingly, the Court concludes that the County is entitled to summary judgment on the §1983 claims asserted against it in this action.

E. **Plaintiffs' §1981 Claim Fails Because Plaintiffs Cannot Establish A Prima Facie Case That They Were Discriminated Against Based On Race.**

In Docket Entry No. 29, Defendants contend that Plaintiffs have no direct evidence that they were discriminated against with respect to contracts based upon their race. Accordingly, they must establish a prima facie case using circumstantial evidence. Among other things, Plaintiffs must establish that Defendants discriminated against them based on their race. *See e.g., Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 871 (6th Cir. 2001).

In response to Defendants' motion, Plaintiffs have not submitted any evidence to establish that Defendants discriminated against them based on their race. The Court shall therefore grant Defendants' request for summary judgment as to the §1981 claim.

### F. Plaintiffs Have Failed To Respond To Defendants' Remaining Grounds For Relief In Docket Entry No. 29.

In Docket Entry No. 29, Defendants also set forth the following additional grounds for summary judgment:

- Based on Plaintiffs' deposition testimony and other evidence submitted, summary judgment is warranted as to Plaintiffs' §1983 claims alleging a deprivation of their due process and equal protection rights (Counts III & XVII) because: 1) Plaintiffs had no substantive due process rights in any of its contracts with Wayne County; and 2) Plaintiffs do not allege, and the factual record does not support, that Plaintiffs were denied procedural due process with respect to the debarment proceeding.

- Based on Plaintiffs' deposition testimony and other evidence submitted, summary judgment is warranted as to Plaintiffs' equal protection claim (Count V) because Plaintiffs cannot identify any similarly situated non-protected companies that were treated differently than Plaintiffs.

- Based on Plaintiffs' deposition testimony and other evidence submitted, summary judgment is warranted as to Plaintiffs' invasion of privacy claim (Count VI) because: 1) the surveillance activity that occurred is insufficient as a matter of law to support that claim; and 2) any claim based on the newspaper articles fails because Plaintiffs cannot demonstrate that they had a right to keep private any of the information that was contained in the articles.

Even after the issuance of this Court's Show Cause Order, ordering Plaintiffs to show cause why the unopposed motions filed by Defendant should not be granted, Plaintiffs have not responded to the above grounds for relief. Accordingly, the Court shall grant the motions as to those additional grounds as well.

## CONCLUSION

For the reasons above, **IT IS ORDERED** that the following motions filed by Defendants are **GRANTED**:

- "Motion for Partial Summary Judgment on Count XIIII (Sic) Plaintiffs' Promissory Estoppel Claim" [Docket Entry No. 24].

- "Motion for Summary Judgment on All Claims Against All Individual Defendants Based on FRCP 12(b)(5) (Insufficient Service of Process), 12(b)(6)(Failure to State a Claim), and 12(c) Motion for Judgment on the Pleadings" [Docket Entry No. 25]

- "Motion for Partial Summary Judgment on All Tort Claims Against Wayne County (Counts VI, VII, VIII, IX, X, XII, XIII, XVIII, XIX, XX) & Plaintiffs' Michigan Constitutional Claims Against All Defendants (Counts XI, XVI) Based on FED.R.CIV.P 12(b)(6), and Plaintiffs; Contract Claim Against Wayne County (Count XV) Based on FED.R.CIV.P. 56(c)." [Docket Entry No. 26]

- "Motion for Partial Summary Judgment on Counts I And III (42 U.S.C. §1983 Due Process & Equal Protection Claims), Count II (42 U.S.C. §1981 Discrimination in Contracting Claims), Count V (Denial of Equal Protection), Count VI (Invasion of Privacy), Count XVI (Federal & State Due Process Claims) & Count XVII (U.S. Due Process Claim) Based on FED.R.CIV. P. 56(c)" [Docket Entry No. 29].

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 27, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 27, 2007, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager