UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Audio Visual Equipment and Supplies,
Inc., *et al.*,

    Plaintiffs,

v.                                                    Case No. 06-10904

County of Wayne, *et al.*,                   Honorable Sean F. Cox

    Defendants.
_____/

## **OPINION & ORDER**

This matter is currently before the Court on: 1) a Motion to Withdraw, filed by Plaintiffs' counsel; 2) Plaintiffs' Motion for Reconsideration; and 3) Plaintiffs' request that this Court toll all further action in this case. For the reasons below, the Court shall grant the Motion to Withdraw, deny the Motion for Reconsideration, and deny the request to toll further action in this case.

<u>BACKGROUND</u>

Plaintiffs, represented by counsel, filed their 20-count complaint in this action on February 28, 2006. The parties proceeded with discovery for a full 15 months, with discovery closing on May 30, 2007, under this Court's Second Scheduling Order. Following the close of discovery, Defendants filed several Motions for Summary Judgment. The parties briefed the issues and the Court heard oral argument on the motions.[1] On November 27, 2007, this Court

---

[1]Although Plaintiffs did not file responses to the motions within the time permitted for doing so under the Local Rules, Plaintiffs filed late responses to the motions *which the Court accepted*. The Court also heard oral argument on the motions on November 15, 2007. Thus,

1

issued its Opinion & Order granting Defendants' Motions for Summary Judgment and dismissing Plaintiffs' claims with prejudice (Docket Entry No. 57) and a judgment was issued on that same date (Docket Entry No. 58).

On December 7, 2007, Defense Counsel filed a Motion to Tax Costs. In addition, on December 7, 2007, Plaintiffs' attorney, Mr. Whitfield, filed a "Motion for Rehearing or Reconsideration of Summary Judgment" (Docket Entry No. 62).

The following day, on December 8, 2007, Plaintiffs sent a letter to the Court stating as follows:

> We have terminated the services of Mr. Benjamin Whitfield, Jr. in the above case.
>
> The plaintiffs' [sic] respectfully and humbly ask that you toll all actions in this case until new representation is retained.

(12/8/07 Letter from Plaintiffs).

On December 10, 2007, Mr. Whitfield filed a motion seeking to withdraw as Plaintiffs' counsel in this matter (Docket Entry No. 63).

In response to these events, the Court issued a Show Cause Order on December 11, 2007, that stated, in pertinent part, as follows:

> **PLAINTIFFS ARE ORDERED TO SHOW CAUSE** why this Court should not rule on the pending Motion for Reconsideration and administratively close this action. **PLAINTIFFS OTIS KIRKLAND, JR., CAROL KIRKLAND, VIVIAN KIRKLAND, AND A CORPORATE OFFICER OF AUDIO VISUAL EQUIPMENT & SUPPLIES, INC.,** are therefore **ORDERED TO APPEAR IN PERSON** before the Court on January 11, 2008. **IT IS FURTHER ORDERED** that Mr. Whitfield, and any new attorney who Plaintiffs desire to represent them in this matter, **SHALL ALSO APPEAR IN PERSON** before the Court on January 11, 2008. Counsel for Defendants **SHALL ALSO APPEAR IN PERSON** before the

---

Plaintiffs had ample opportunity to present to this Court all arguments and evidence that they wished to present in opposition to Defendants' Motions for Summary Judgment.

Court on January 11, 2008.  At that time, the parties and their counsel should be prepared to discuss any and all motions and submissions that have been filed in this case.
      **IT IS SO ORDERED**.

(12/11/08 Order to Show Cause, Docket Entry No. 64).

On January 11, 2008, this Court held the Show Cause hearing.  Following that hearing, on January 11, 2008, Plaintiffs filed a *pro se* written response to the Show Cause Order, wherein Plaintiffs: 1) make numerous allegations concerning the underlying events in this action; and 2) assert reasons why they sought to dismiss their counsel in this action.

As set forth below, the Court shall now rule on all outstanding matters in this action.

ARGUMENT

A.   Mr. Whitfield's Motion To Withdraw Shall Be Granted.

Mr. Whitfield filed a formal motion on December 10, 2007, seeking to withdraw from representing Plaintiffs in this action.  At the January 11, 2008 Show Cause hearing, Plaintiffs indicated on the record that they have no objection to the motion.  Defense Counsel also indicated on the record that Defendants have no objection to the motion.

Accordingly, Mr. Whitfield's Motion to Withdraw shall be granted.

B.   Plaintiffs' Request That This Court "Toll Further Action In This Case" Shall Be Denied.

Next, Plaintiffs request that this Court "toll" all further action in this case so that they can obtain new counsel to represent them in this action.  That request must be denied for numerous reasons.

Plaintiffs offer no legal authority whatsoever for their request that this Court "toll" this action at this stage of the litigation and the Court is unaware of any such authority.

Moreover, even if this Court had the discretion to grant Plaintiffs' request to toll further

action in this case, this Court does not believe that this action should be tolled.

This Court has already granted Defendants' Motions for Summary Judgment, dismissed all of Plaintiffs' claims with prejudice, and issued a judgment in this action. In addition, a Motion for Reconsideration was filed on the last day of the time period allowed for the filing of such motions and under Local Rule 7.1(g) there are no hearings on motions for reconsideration. The only further action that Plaintiffs indicate they would like new counsel to take in this action would be to file another motion for reconsideration.

The deadline for filing a motion for reconsideration in this action (December 7, 2007) has already passed, however, and Plaintiffs already have a Motion for Reconsideration pending before this Court. The applicable rules do not allow for successive motions for reconsideration, nor do they allow motions for reconsideration to be filed beyond the time limitations in Local Rule 7.1(g). Thus, even if Plaintiffs found new counsel to represent them in this action, Plaintiffs cannot file another motion for reconsideration.

In addition, this Court already gave Plaintiffs 30 days to find new counsel, and ordered that any new attorney that Plaintiffs wished to represent them in this matter appear at the Show Cause hearing.[2] Thus, this Court has already given Plaintiffs ample time to locate new counsel.

Finally, to the extent that Plaintiffs' January 11, 2008 Response to the Show Cause Order asserts that this matter should be tolled or reopened because of "ineffective assistance of counsel," such argument fails because it is well established that there is no constitutional right to effective counsel in civil actions. *See Brown v. City of Detroit*, 47 Fed.Appx. 339 (6th Cir.

---

[2]No such counsel appeared at the Show Cause hearing. Plaintiffs state that they have been unable to find an attorney who will represent them in this action.

2002); *Glick v. Henderson*, 855 F.2d 536, 541 (8th Cir. 1988).

For all of these reasons, the Court shall deny Plaintiffs' request that this Court "toll" all further action in this case.

C.  Plaintiffs' Pending Motion For Reconsideration Shall Be Denied For Lack Of Merit.

Local Rule 7.1(g) provides that a motion for reconsideration should only be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. L.R. 7.1(g). Local Rule 7.1(g) further provides that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."

Here, Plaintiffs have not identified any palpable defect. Rather, Plaintiffs's Motion for Reconsideration offers previously considered arguments, attempts to relitigate previously considered issues, and improperly attempts to supplement the record with previously available evidence. *See e.g., Basinger v. CZX Trans., Inc.*, 91 F.3d 143 (6th Cir. 1996)(Stating that a trial court does not abuse its discretion by declining to consider a motion in which the movant attempts to submit evidence that was available at the time the movant was contesting a summary judgment motion.); *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989).

Accordingly, Plaintiffs' Motion for Reconsideration shall be denied.

## CONCLUSION & ORDER

For the reasons above, **IT IS ORDERED** that:

A.  Mr. Whitfield's Motion to Withdraw is **GRANTED**;

B.  Plaintiffs' request that this Court toll all further actions in this case is **DENIED**; and

C.      Plaintiffs' Motion for Reconsideration is **DENIED.**

In addition, Defense Counsel is advised that any requests to tax costs should be directed to the Clerk's Office, as the taxation clerk is responsible for taxing costs.  (*See* Bill of Costs Handbook and Bill of Costs Form, located at www.mied.uscourts.gov/Clerk/formsList.cfm).

**IT IS SO ORDERED**.


S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  January 18, 2008

I hereby certify that on January 18, 2008, a copy of the foregoing document was served upon counsel of record on by electronic means and by ordinary mail upon Otis (Jr.), Carol and Vivian Kirkland 25325 Shiawassee Circle, Suite 203, Southfield, MI 48033.

S/Jennifer Hernandez
Case Manager